CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jose Martinez**,<br><br>Plaintiff,<br><br>v.<br><br>**Kumars Ghodrati, A.K.A. Ali Ghodrati,** in his individual and representative capacity as trustee of the L & K Trust;<br>**Lili Ghodrati,** in his individual and representative capacity as trustee of the L & K Trust;<br>**Rola, Inc.,** a California Corporation;<br>**Yum Yum Donut Shops, Inc.,** a California Corporation; and Does 1-10,<br><br>Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Jose Martinez complains of Defendants Kumars Ghodrati, A.K.A. Ali Ghodrati, in his individual and representative capacity as trustee of the L & K Trust; Lili Ghodrati, in his individual and representative capacity as trustee of the L & K Trust; Rola, Inc., a California Corporation; Yum Yum Donut Shops, Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

Complaint

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a quadriplegic. He uses a wheelchair for mobility. He drives a van with a ramp that deploys out of the passenger side.

2. Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for the Pizza Express restaurant ("Pizza Express") and Yum Yum Donuts ("Yum Yum") located at or about 530 S. Gaffey Street, San Pedro, California, and 540 S. Gaffey Street, San Pedro, California, respectively.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

Complaint

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7. The Plaintiff went to the Pizza Express and Yum Yum in December of 2014 to get pizza and donuts, respectively.

8. The businesses are facilities open to the public, places of public accommodation, and business establishments.

9. Parking spaces are one of the facilities, privileges and advantages offered by defendants to customers of the businesses.

10. Unfortunately, although parking spaces are one of the facilities available to customers who patronize the businesses, there is not a single compliant parking space reserved for persons with disabilities at the Pizza Express and there is no compliant parking space at Yum Yum. Instead, at Yum Yum there is a parking space reserved for persons with disabilities but it does not have an access aisle at all.

11. On information and belief, plaintiff alleges that a fully compliant, accessible parking space once existed at both locations but the parking space at Pizza Express has been allowed to fade to the point that it is no longer available for use by persons with disabilities. And the parking space at Yum Yum has either been paved over or has been allowed to fade. Defendants simply do not maintain their parking lot so that the parking spaces are accessible for persons with disabilities.

12. Defendants have no policy or procedure in place to make sure that the accessible parking spaces remain useable in their parking lots. As such, the parking spaces reserved for persons with disabilities are no longer compliant and available for use by persons with disabilities.

Complaint

13. The transaction counter at Pizza Express is 55 inches in height. There is no lowered, 36 inch portion of counter for use by persons in wheelchairs.

14. There is a raised threshold at the entrance door of Pizza Express that measures 3/4 inches and is greater than the 1/2 inch permitted.

15. The plaintiff personally encountered these problems. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

16. Plaintiff would like to return and patronize the businesses but will be deterred from visiting until the defendants cure the violations. Plaintiff lives less than two miles from the businesses. The businesses are conveniently located. Plaintiff would like to return to both businesses.

17. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

19. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants

Complaint

intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

20. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

21. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to

the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

22. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

23. Here, the lack of an accessible, compliant parking space is a violation of the law. Neither business has a compliant parking space.

24. Thresholds at doorways cannot exceed 3/4 inches for exterior sliding doors and 1/2 for all other doors. 1991 Standards § 4.13.8; 2010 Standards § 404.2.5. Here, the threshold is ¾ of an inch in height at Pizza Express.

25. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

26. Here, no such accessible transaction counter has been provided at Pizza Express in violation of the ADA.

27. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily

accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

28. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

29. Given their location and options, the Pizza Express and Yum Yum are businesses that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

30. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

31. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

32. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

Complaint

1  Plaintiff is not invoking section 55 of the California Civil Code and is not
2  seeking injunctive relief under the Disabled Persons Act at all.
3     2. Damages under the Unruh Civil Rights Act which damages provide for
4  actual damages and a statutory minimum of $4,000.
5     3. Reasonable attorney fees, litigation expenses and costs of suit,
6  pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: June 17, 2015           CENTER FOR DISABILITY ACCESS

                               By: _____
                               Mark Potter, Esq.
                               Attorneys for Plaintiff

Complaint