No JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-4703-MWF-AGR** **Date: September 19, 2016**

Title: Jose Martinez *-v-* Kumars Ghodrati, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [29]

Before the Court is Plaintiff Jose Martinez's Motion for Summary Judgment (the "Motion"), submitted on August 22, 2016. (Docket No. 29). Defendant Yum Yum Donut Shops, Inc. ("Yum Yum") submitted its Opposition to the Motion on August 29, 2016 (Docket No. 30), and Plaintiff's Reply followed on September 6, 2016. (Docket No. 31). The remaining Defendants have not opposed Plaintiff's motion. The Court has reviewed and considered the Motion and related papers, and held a hearing on **September 19, 2016**.

For the reasons stated below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**. Although Defendants have taken steps to bring their respective properties into compliance with the Americans with Disabilities Act ("ADA"), the parking lot to the Yum Yum Donut shop, entrance to the Happy Deli, and transaction counter in the Happy Deli continue to violate the ADA. Specifically, the Court holds as follows:

- Plaintiff's Motion is **GRANTED** as to his ADA and Unruh Act claims that the slope of Yum Yum's parking lot violates the ADA;

- Plaintiff's Motion is **GRANTED** as to his ADA and Unruh Act claims that Happy Deli's entrance and counter violate the ADA;

No JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-4703-MWF-AGR** **Date: September 19, 2016**
Title: Jose Martinez -*v*- Kumars Ghodrati, et al.

---

- Plaintiff's Motion is **DENIED** as to his ADA and Unruh Act claims that that the lack of an accessible route of travel between Yum Yum's accessible parking space and the Happy Deli violates the ADA. There is a genuine issue of material fact as to which Defendant or Defendants have a legal duty to install the accessible route.

## I. FACTUAL BACKGROUND

Plaintiff has alleged the following facts, which the Court construes in the light most favorable to Defendant, the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Plaintiff is quadriplegic; he cannot walk and must use a wheelchair for mobility. (Plaintiff's Statement of Uncontroverted Facts ("SUF") No. 1 (Docket No. 29-2)). He drives a van that is specially equipped with a lift that deploys from the passenger side of the van to accommodate his wheelchair. (SUF No. 2). On December 12, 2014, Plaintiff visited a retail center in San Pedro, which then included a Pizza Express and a Yum Yum Donuts shop. (SUF Nos. 6, 9). The shopping center is owned by Defendants Kumars Ghodrati and Lili Ghodrati. (SUF No. 6). Defendant Yum Yum Donut Shops, Inc. owns and operates the Yum Yum Donuts; the Pizza Express is now a Happy Deli. (SUF Nos. 5, 7).

When Plaintiff arrived at the shopping center, he found no parking spaces marked and reserved for persons with disabilities at the Pizza Express. (SUF No. 11). There was a designated accessible parking space in front of Yum Yum Donuts; however, the parking space was faded, it lacked an access aisle, and the sign designating the spot as reserved for persons with disabilities was posted only 48 inches above the ground. (SUF Nos. 12, 23; Declaration of Jose Martinez ("Martinez Decl.") Ex. 5 (Docket No. 29-5)). Plaintiff claims that he was forced to use a standard parking space, with the hope that no one would park next to him while he was inside. (SUF No. 14). However, there was an accessible parking space in front of the Yum Yum

Donuts shop that Plaintiff could have used, albeit one lacking an access aisle. (SUF No. 12). Plaintiff would have had to either navigate his wheelchair behind parked cars, or cross over a sidewalk that was not level, in order to be able to reach the Pizza Express from the accessible parking space in front of the Yum Yum Donuts. (SUF No. 24).

Plaintiff decided to eat at the Pizza Express. The door had a raised threshold measuring greater than ½ inch. (SUF No. 15). Plaintiff had difficulty navigating his wheelchair over the raised threshold. (SUF No. 16). Once Plaintiff entered the Pizza Express, he found that the transaction counter was too high to comfortably use from his wheelchair. (SUF No. 18). The counter measured 55 inches in height, and there was no lowered portion of the counter available for use by people with disabilities. (SUF No. 17). Taken together, the experience left Plaintiff feeling frustrated and uncomfortable. (SUF No. 19).

Since filing the lawsuit, Yum Yum has taken steps to make the parking lot ADA compliant. Yum Yum resurfaced and restriped its parking lot, including striping a van-accessible aisle and adding a new, pole-mounted sign, 60 inches above the ground. (Declaration of Isabel Masanque (“Masanque Decl.”) Ex. 11 at 11; Declaration of Matthew W. McAleer (“McAleer Decl.”) Ex. B (Docket No. 30-3)). Yum Yum also eliminated one of its parking spaces to accommodate a van-accessible aisle. (*Id.*). Plaintiffs contend that despite the resurfacing, the accessible parking space still has a cross slope measuring 2.7%, and the access aisle has a cross-slope measuring 4.8%. Yum Yum disputes this, citing its expert’s report that Plaintiff’s slope measurements are inaccurate. (McAleer Decl. Ex. A (Docket No. 30-2)). Yum Yum’s expert measured a maximum slope of 1.92% east to west and 3.14% north to south in Yum Yum’s repaved and restriped accessible parking stall and adjacent accessible aisle. (*Id.*). The path of travel from the parking space to the entrance of the Yum Yum Donuts, as measured by Yum Yum’s expert, has a maximum slope of 11%. (*Id.*).

Currently, there is no designated parking space reserved for persons with disabilities at the Happy Deli. (SUF No. 25). The parties dispute whether the path of travel from Yum Yum’s parking space to the Happy Deli forces an individual with

disabilities to travel behind parked cars, over broken pavement, or whether an individual can use the sidewalk. However, it is undisputed that although the counter and entrance to the Happy Deli has been modified, the entrance to the Happy Deli has a slope measuring 3.9% and the transaction counter is 43 inches high. (SUF Nos. 28–30).

Plaintiff moved away from San Pedro in December 2014. (SUF No. 31). Plaintiff's family, including his brother, still lives in San Pedro and Plaintiff visits them frequently. (SUF Nos. 31–32). Plaintiff has visited the Yum Yum Donuts and Happy Deli with his brother since moving, but claims he remained in the car while his brother retrieved the food, due to the remedied barriers. (SUF No. 32). Yum Yum contends that its parking lot has been accessible since July 2015, and any ongoing barriers to accessibility can therefore not be attributable to its shop. (*See* Masanque Decl. Ex. 10 at 3, 9; McAleer Ex. B). Plaintiff filed suit, seeking injunctive relief and statutory damages, on June 22, 2015. (Complaint, Docket No. 1).

## II. LEGAL STANDARD

In deciding the Motion under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a).

"When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)). In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case. *See Houghton*, 965 F.2d at 1537. Once the moving party comes

forward with sufficient evidence, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.1991) (citation omitted). "A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Plaintiff brings this Motion against all Defendants as to his first claim for relief under the ADA and his second claim for relief under the Unruh Civil Rights Act.

## III. DISCUSSION

### A. Americans with Disabilities Act

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive–Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

#### 1. Standing

Although neither party has specifically addressed standing, a plaintiff must have Article III standing to bring a claim under the ADA. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). To establish standing, a plaintiff must demonstrate that she has suffered an injury in fact, that the injury is traceable to the defendant's challenged conduct, and that the injury can be redressed by a favorable

decision. *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1162 (S.D. Cal. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). In seeking injunctive relief, which is the only relief available to private plaintiffs under the ADA, a plaintiff must demonstrate a "real and immediate threat of repeated injury" in the future. *Chapman*, 631 F.3d at 946. A disabled individual can show future harm by "[d]emonstrating an intent to return" or "if [s]he is deterred from visiting a noncompliant public accommodation because [s]he has encountered barriers related to [her] disability there." *Id.* at 949.

Here, Plaintiff has demonstrated that (1) he faced difficulty, discomfort, and frustration in the Yum Yum parking lot and inside the Pizza Express because of the excessive slope, lack of any access aisle or proper signage, and the high counter in Pizza Express, and (2) injunctive relief and statutory damages would redress his injuries. (Docket No. 29-5 ¶¶ 5–12). Plaintiff has also stated that he has been deterred from entering the Yum Yum Donut shop and Happy Deli: He feels he must wait outside in the van while his brother picks up the food. (*Id.* ¶ 16). Nevertheless, Plaintiff intends to return to the Happy Deli and Yum Yum Donuts. (*Id.* ¶¶ 16–17). Plaintiff has established he has standing to bring a claim under the ADA.

### 2. Plaintiff is Disabled

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual," such as being unable to walk. 42 U.S.C. §§ 12102(a)(1)(A)-(2)(A). The parties do not dispute that Plaintiff is disabled, and Plaintiff's declaration that he is quadriplegic is sufficient evidence of his disability at the summary judgment stage. *Cf. Scott v. Mabus*, No. 13-55277, 2015 WL 4440868, at *2 (9th Cir. July 21, 2015) (holding that plaintiff's declaration of his disability was sufficient to raise a triable issue that he was disabled); *Head v. Glacier Nw., Inc.*, 413 F.3d 1053, 1058 (9th Cir. 2005) (holding that a plaintiff need not provide medical or comparative evidence to establish a genuine issue of material fact regarding the impairment of a major life activity, rather, plaintiff's testimony may suffice to establish a genuine issue of material fact), *abrogated on other grounds in Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013).

### 3. Place of Public Accommodation

A retail establishment, such as a restaurant, is a place of public accommodation. 42 U.S.C. § 12181(7)(E). It is undisputed that Happy Deli and Yum Yum Donuts are places of public accommodation. (Yum Yum's Opposition to Plaintiff's SUF ("Opp. to SUF") No. 8 (Docket No. 30-1)).

### 4. Denial of Public Accommodation Because of Disability

Failure to remove architectural barriers constitutes discrimination under the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(iv) (providing that discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable"). Where the plaintiff alleges denial of public accommodations because of an architectural barrier, the plaintiff must specifically show that (a) an ADA-prohibited architectural barrier exists and (b) the barrier's removal is readily achievable. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 339 F. Supp. 2d 1081, 1085 (E.D. Cal. 2004), *aff'd*, 457 F.3d 963 (9th Cir. 2006). An action is "readily achievable" if it is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

The Ninth Circuit has yet to decide who has the burden of proving that removal of an architectural barrier is readily achievable. Various district courts throughout the circuit, however, have applied the Tenth Circuit's burden-shifting framework, as articulated in *Colorado Cross Disability v. Hermanson Family, Ltd.*, 264 F.3d 999, 1005-06 (10th Cir. 2001). *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1010 (C.D. Cal. 2014) (summarizing case law). In *Colorado Cross*, the court held that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable." *Colorado Cross*, 264 F.3d at 1006. If the plaintiff makes this showing, the burden shifts to the defendant, who "bears the ultimate burden of persuasion . . . ." *Id.*

Whether an architectural barrier exists can be determined by reference to the 1991 and 2010 Standards for Accessible Design (the "1991 Standards" and "2010 Standards," respectively). *See* 28 C.F.R. § 36.406; *see also* 28 C.F.R. Pt. 36, App. D (1991 Standards); 36 C.F.R. Pt. 1191, App. B, D (2010 Standards). Whether the 1991 or 2010 Standards apply depends on how recently the facility was built or remodeled. 28 C.F.R. § 36.406. In this case, the parties do not dispute which set of Standards apply; under either the 1991 or the 2010 Standards, the outcome appears to be the same. To demonstrate that either Standard results in the same outcome, the Court cites to both sets of Standards in its analysis.

### a. *Yum Yum's Designated Parking Space is Inaccessible*

When Plaintiff first visited the retail center in December 2014, the parking lot did not comply with ADA guidelines. Under the 1991 and 2010 Standards, any business that provides parking spaces must provide an accessible parking space for persons with disabilities, 1991 Standards § 4.1.2(5); 2010 Standards § 208.2; and under the more permissive 1991 Standards, at least one in eight (but not less than one) must be van accessible, 1991 Standards § 4.1.2(5)(b). That is, at least one accessible parking space must also have an adjacent access aisle. *Id*. Under the 2010 Standards, van accessible parking spaces must also be equipped with a sign reading "van accessible," placed such that the bottom of the sign is at least 60 inches above the ground. 2010 Standards § 502.6. It is undisputed that in 2014, the only designated, accessible parking space available for either Pizza Express or Yum Yum Donuts had a sign posted lower than the required height, and did not have an access aisle. (SUF No. 12; Opp. to SUF No. 11).

After Plaintiff filed suit, Yum Yum took affirmative steps to bring its parking lot into compliance with the ADA. Yum Yum resurfaced and restriped the parking lot, removing one of its four parking spaces so that it could include an access aisle next to the designated accessible space. (Masanque Decl. Ex. 11 at 11; McAleer Decl. Ex. B). Plaintiff contends, however, that despite the modifications, Yum Yum's parking lot is still not ADA compliant. Specifically, Plaintiff's expert measured a slope of 2.7% in the parking stall, and a slope of 4.8% in the access aisle, which Plaintiff says exceeds

the maximum slope allowed. (Mot. at 9–10; Declaration of Paul Bishop ("Bishop Decl.") Ex. 7 at 8 (Docket No. 29-10)). Yum Yum submitted its own expert's report in response, contending that the slope of the parking stalls and access aisles was within permissible bounds. (McAleer Decl. Ex. A).

Under the more permissive 1991 Standards, the slope of parking spaces and access aisles must not exceed 1:50 (2%) in all directions. 1991 Standards § 4.6.3. Yum Yum's expert submitted slope measurements in degrees, rather than percentages. However, when converted to a percentage, points within the parking stall and access aisle still appear to exceed that which is allowable under the 1991 Standards: Yum Yum's expert reported slopes of 3.14% and 2.44% running north to south in the van accessible parking stall and adjacent access aisle. (McAleer Decl. Ex. A). Thus, even crediting Yum Yum's expert over Plaintiff's, Yum Yum's parking lot still appears to violate the ADA.

Because the Court finds that Yum Yum's parking lot violates the ADA, Yum Yum's mootness argument fails. Plaintiff's Motion is **GRANTED** as to this claim.

**b. *Plaintiff Has Not Proved Which Defendant or Defendants Must Install an Accessible Route to the Happy Deli***

Plaintiff also contends that, because there is no accessible parking space at Happy Deli, "Defendants . . . are required to provide an accessible route of travel from the accessible parking space at Yum Yum Donuts to the entrance of the Happy Deli." (Mot. at 10). Plaintiff does not make clear *which* defendant has this responsibility, however; and Yum Yum vigorously protests that, as a tenant, it does not have any responsibility to provide any accessible path of travel from its parking space to the Happy Deli. (*See*, *e.g.*, Opp. to SUF Nos. 8, 10, 25, 26). Plaintiff fails to meet his burden to show that, as a tenant, Yum Yum had a duty to provide an access aisle. He introduces no lease or other evidence suggesting that Yum Yum, and not Happy Deli or the property owners, is responsible for repairs or modifications to common areas. Thus, while the undisputed facts show that the parking lot lacks an accessible route of travel from Yum Yum's parking space to Happy Deli, (Bishop Decl. Ex. 7 at 13; *see*

*also* 1991 Standards § 4.6.2; 2010 Standards § 208.3.1), Plaintiff has failed to demonstrate which defendant bears the burden of renovation. Plaintiff's Motion is therefore **DENIED** as to this claim.

**c.** ***Happy Deli's Entrance is Inaccessible***

Under the 1991 Standards, thresholds at doorways cannot exceed ½ inches, with one exception not relevant to Plaintiff's case. § 4.13.8. The undisputed facts show that, in December 2014, the threshold at the entrance to the Pizza Express measured greater than ½ inches. Happy Deli apparently attempted to remedy the violation by adding a concrete patch to the exterior landing. (Bishop Decl. Ex. 7 at 9). This increased the slope of the exterior landing to 3.9%, in violation of the 2010 Standards, which require door landing slopes of less than 2.083% in all directions. § 404.2.4.4. Happy Deli does not oppose Plaintiff's motion, and therefore the undisputed facts show that Happy Deli's entrance continues to violate the ADA.

Plaintiff's Motion is **GRANTED** as to this claim.

**d.** ***Happy Deli's Transaction Counter is Inaccessible***

Similarly, Plaintiff has met his burden to show that the transaction counter at the Happy Deli continues to violate the ADA. Both the 1991 and 2010 Standards require counters like the Happy Deli's transaction counter to be no more than 36 inches above the floor. 1991 Standards § 7.2(1); 2010 Standards § 904.4, 904.4.1. The undisputed facts show that in December 2014, the Pizza Express transaction counter was 55 inches above the floor. Currently, the transaction counter is 43 inches above the floor. (Bishop Decl. Ex. 7 at 11).

Plaintiff's Motion is **GRANTED** as to this claim.

**e.** ***Removal of the Barriers is Readily Achievable***

Plaintiff argues that the intervening renovations undertaken by Defendants show

that Defendants can readily remove the preceding barriers. (Mot. at 12). Defendants have not presented any evidence that correcting the slope of the designated parking space, creating an accessible route between Yum Yum's parking space and the Happy Deli, or correcting Happy Deli's threshold slop and counter height are not readily achievable. Defendants have also not presented any evidence relating to the four factors that determine whether the action is readily achievable. *See* 42 U.S.C. § 12181(9)(A)-(D); *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1168 (S.D. Cal. 2006) (determining whether an action is readily achievable depends on (1) the nature and cost of the action, (2) the financial resources of the facility, (3) the financial resources of the covered entity, (4) the type of operation of the covered entity).

Because Plaintiff has shown that the parking lot and structural features of the Happy Deli violated the ADA and that Defendants can readily remedy those violations, there is no dispute of material fact that Defendants denied Plaintiff public accommodation. However, genuine issues of material fact remain as to who has the burden to install an accessible route between the Yum Yum Donuts van accessible parking space and the Happy Deli. Accordingly, Plaintiff's Motion is **GRANTED in part** and **DENIED in part** as to his First Claim for Relief under the ADA.

### B. Unruh Act

A violation of the ADA necessarily violates the Unruh Act, Cal. Civ. Code § 51(f). *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). "[N]o showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004). Here, as described above, the Plaintiff has shown there is no dispute of material fact as to most of his claims under the ADA.

Yum Yum contends that Plaintiff failed to comply with the California Civil Code's requirement to provide certain written advisories to qualify for damages under the Unruh Act. (Opp. at 7); *see also* Cal. Civil Code §§ 55.3(b), 55.54(a)(1). Plaintiff provided documentation demonstrating that the correct written advisories were served to Defendants along with the Complaint. (Declaration of Paul Bishop in Support of

No JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-4703-MWF-AGR** **Date: September 19, 2016**
Title: Jose Martinez -*v*- Kumars Ghodrati, et al.

Plaintiff's Reply Brief ("Bishop Reply Decl."), Ex. 3 at 16–22). Yum Yum further contends that Plaintiff did not comply with the requirements of California Code of Procedure sections 425.50(a) and 425.55(b), which require "high-frequency" litigants to allege certain facts. (Opp. at 7). However, Yum Yum cites to no caselaw and presents no evidence to support its claim that Plaintiff is a high-frequency litigant.

Finally, Yum Yum contends that statutory damages should be denied because it was in substantial compliance with the ADA and the Unruh Act in December 2014. Yum Yum cites to no law in support of its contention that mere *substantial* compliance, rather than total compliance, is required to meet the requirements of the Unruh Act. Moreover, the broad language employed by the Act implies that strict compliance is required. *See* Cal. Civ. Code § 51(a) ("All persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."); Cal. Civ. Code § 52(a) ( "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 ... is liable....").

Accordingly, Plaintiff's Motion is **GRANTED** as to his Second Claim for Relief under the Unruh Act to the same extent as his First Claim for Relief under the ADA.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiff's Motion is **GRANTED in part** and **DENIED in part** as to the First Claim for Relief under the ADA and the Second Claim for Relief under the Unruh Act.

The Courtroom Deputy shall confer with the parties and determine a mutually convenient time to schedule a telephonic status conference with the Court. At the telephonic status conference, the parties shall present how they propose to move forward with this action.

IT IS SO ORDERED.