UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-4703-MWF-AGR** **Date: January 24, 2017**

Title: Jose Martinez -*v*- Kumars Ghodrati, et al.

---

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING SECOND MOTION FOR SUMMARY JUDGMENT [46]

Before the Court is Plaintiff Jose Martinez's Second Motion for Summary Judgment (the "Second Motion") (Docket No. 46), filed December 14, 2016 in response to this Court's Order Granting Plaintiff Leave to File a Motion for Summary Judgment (Docket No. 44). Defendants Kumars and Lili Ghodrati ("the Ghodratis") did not file any Opposition. Accordingly, Plaintiff's Reply Brief in Support of Second Motion for Summary Judgment effectively served as a notice of nonopposition. (Docket No. 47).

For the reasons set forth below, the Second Motion is **GRANTED.** As landlords, the Ghodratis are obligated to provide an accessible route of travel from the one accessible parking space on their property to the entrance of the Happy Deli. The Second Motion is granted on the Court's own review of the submitted materials, which demonstrate that Plaintiff is entitled to judgment as a matter of law. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494–95, n.4 (9th Cir. 1994) (requiring the district court to determine there are no genuine issues of material fact even where the motion for summary judgment is unopposed); *Kalani v. Starbucks Corp.*, 81 F. Supp. 3d 876, 889 (N.D. Cal. 2015) (same, citing *Cristobal*, 26 F.3d at 1494–95, n.4).

## I. BACKGROUND

Plaintiff has alleged the following facts, which the Court construes in the light most favorable to Defendant as the nonmoving party. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 255 (1986) (On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Plaintiff is quadriplegic; he cannot walk and must use a wheelchair for mobility. (*See* Order filed September 19, 2016 (the "September Order"), at 2 (Docket No. 33)). He drives a van that is specially equipped with a lift that deploys from the passenger side of the van to accommodate his wheelchair. (*Id.*). On December 12, 2014, Plaintiff visited a retail center in San Pedro, which then included a Pizza Express and a Yum Yum Donuts shop. (*Id.*). The shopping center is owned by Defendants Kumars Ghodrati and Lili Ghodrati. (*Id.*). Defendant Yum Yum Donut Shops, Inc. owns and operates the Yum Yum Donuts; the Pizza Express is now a Happy Deli. (*Id.*).

When Plaintiff arrived at the shopping center, he found no parking spaces marked and reserved for persons with disabilities at the Pizza Express. (*Id.*). There was a designated accessible parking space in front of Yum Yum Donuts; however, the parking space was faded, it lacked an access aisle, and the sign designating the spot as reserved for persons with disabilities was posted only 48 inches above the ground. (*Id.*). Without the access aisle, Plaintiff would have had to either navigate his wheelchair behind parked cars, or cross over a sidewalk that was not level, in order to be able to reach the Pizza Express from the accessible parking space in front of the Yum Yum Donuts. (*Id.* at 3). Plaintiff was forced to use a standard parking space, with the hope that no one would park next to him while he was inside. (*Id.*).

Since filing the lawsuit, Yum Yum has taken steps to make the parking lot ADA compliant. (*Id.*). Yum Yum resurfaced and restriped its parking lot, including striping a van-accessible aisle and adding a new, pole-mounted sign, 60 inches above the ground. (*Id.*). Yum Yum also eliminated one of its parking spaces to accommodate a van-accessible aisle. (*Id.*).

There continues to be no designated parking space reserved for persons with disabilities at the Happy Deli. (*Id.*).

Plaintiff moved away from San Pedro in December 2014. (*Id.* at 4). Plaintiff's family, including his brother, still lives in San Pedro and Plaintiff visits them frequently. (*Id.*). Plaintiff has visited the Yum Yum Donuts and Happy Deli with his brother since moving, but claims he remained in the car while his brother retrieved the food, due to the remaining barriers. (*Id.*). On June 22, 2015, Plaintiff filed suit against the Ghodratis, Rola, Inc., and Yum Yum Donut Shops, Inc., seeking injunctive relief and statutory damages under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. (Complaint (Docket No. 1)).

On August 22, 2016, Plaintiff filed a Motion for Summary Judgment (the "First Motion" (Docket No. 29)) seeking, *inter alia*, an Order requiring Defendants to provide accessible parking in the shopping center. On September 19, 2016, the Court granted partial summary judgment to Plaintiff. (Sept. Order at 1). The Court denied Plaintiff's First Motion only as to the path of travel from the parking lot to the entrance of Happy Deli. (Sept. Order at 2). The Court held that "while the undisputed facts show that the parking lot lacks an accessible route of travel from Yum Yum's parking space to Happy Deli, Plaintiff has failed to demonstrate which defendant bears the burden of renovation." (*Id.* at 10) (internal citations omitted).

On October 26, 2016, Plaintiff filed a Notice of Abandonment of Claim. (Docket No. 38). Plaintiff informed the Court that he was abandoning his accessible route of travel claim as to Yum Yum only. (*Id.*).

Accordingly, only one issue remains in this action: Whether the Ghodratis have an obligation to provide an accessible route of travel between the accessible parking spot and the entrance to the Happy Deli.

Because the Ghodratis failed to oppose the Second Motion, Plaintiff's Statement of Uncontroverted Facts ("SUF") submitted in support thereof stands uncontroverted. (*See* Docket No. 46-2). Plaintiff contends that the Ghodratis own the property in question, including the parking lot in need of an accessible parking space. (SUF No. 1). Plaintiff's contention is supported by the Ghodratis' responses to Plaintiff's requests for admission. (*See* Docket Nos. 29-11, 29-12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-4703-MWF-AGR Date: January 24, 2017**
Title: Jose Martinez -*v*- Kumars Ghodrati, et al.

## II. DISCUSSION

In deciding the Motion under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)). Once the moving party comes forward with sufficient evidence, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.1991) (citation omitted).

"Title III of the ADA prohibits discrimination in public accommodations, stating that '[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by ***any person who owns, leases (or leases to), or operates*** a place of public accommodation.'" *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015) (quoting 42 U.S.C. § 12182(a)) (emphasis added).

Therefore, under the statute, any person who either leases ***or*** owns a place of public accommodation must remove architectural barriers "where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *see also* 28 C.F.R. § 36.201 ("Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations

of this part may be determined by lease or other contract.”). Likewise, the Ninth Circuit has held that “a landlord has an independent obligation to comply with the ADA that may not be eliminated by contract.” *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir. 2000). Any lease or other contractual allocation of responsibility does not affect the rights of third parties like Plaintiff. *Id.* (holding that lease did not transfer liability for ADA compliance from landlord to lessee).

As discussed above, the Ghodratis have not disputed — and have previously admitted — to owning the property at issue in this action. (*See* SUF No. 1). And the Court previously held that the property in question lacks an accessible route of travel from the one accessible parking space, located in front of the Yum Yum Donuts, to the Happy Deli. (Sept. Order at 10). As landlords, the Ghodratis have an independent obligation to ensure that their property complies with the requirements of the ADA. This includes providing an accessible route of travel from the accessible parking space to the Happy Deli. *See* 1991 Standards for Accessible Design § 4.6.2; 2010 Standards for Accessible Design § 208.3.1.

## III. CONCLUSION

For the foregoing reasons, the Second Motion is **GRANTED.** A separate Judgment will issue.

IT IS SO ORDERED.